# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY T. SMITH, | : | No. 2:08cv00040 |
| Plaintiff | : | |
| v. | : | (Judge Munley)[1] |
| UNITED STATES DISTRICT JUDGE NORA BARRY FISCHER and UNITED STATES MAGISTRATE JUDGE FRANCIS X. CAIAZZA, Defendants | : | |

## MEMORANDUM

Before the court for disposition is plaintiff's motion for leave to proceed *in forma pauperis*. We give the complaint an initial screening to determine whether it should be served on the defendants. For the reasons that follow, we will dismiss the complaint.

**Background**

Plaintiff is a prisoner being held at the Luzerne County Correctional Facility. (Doc. 1-2, Complaint ¶ I). He is serving a ten to twenty (10-20) year sentence imposed by the Court of Common Pleas of Beaver County, Pennsylvania. (Id.)

He seeks to bring a Bivens-style[2] *in forma pauperis* civil rights action against the defendants, United States District Judge Nora Barry

---

[1] The undersigned, Judge James M. Munley of the United States District Court for the Middle District of Pennsylvania, who is assigned to this case, is sitting by designation. (See Doc. 2, Order of Designation).

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) provides that those who suffer violations of the United States Constitution by the actions of a federal officer may bring suit against the officer in federal court despite the fact that no statute provides for such a cause of action. Carlson v. Green, 446 U.S. 14, 18 (1980) (explaining Bivens.)

Fischer and United States Magistrate Judge Francis X. Caiazza. The alleged violation of plaintiff's civil rights occurred when Judge Fischer adopted the report and recommendation of Magistrate Judge Caiazza and dismissed his case docketed at 07cv1440. (Id. at ¶ V).

**Jurisdiction**

As this case is brought pursuant to Bivens for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331, which provides jurisdiction over federal questions. Butz v. Economou, 438 U.S. 478, 504 (1978). (Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official.")

**Standard of review**

When a case is filed by a prisoner[3] seeking redress from a governmental entity or officer or employee of a governmental entity, as this case was, we must provide an initial screening of the complaint. 28 U.S.C. § 1915A.[4] We must dismiss the complaint if it is frivolous,

---

[3] According to the allegations of his complaint, plaintiff is a "prisoner" as defined under 28 U.S.C. 1915A(c), which provides: "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[4] Specifically, 28 U.S.C. § 1915A provides:

   **(a) Screening.-** The court shall review, before docketing, if feasible or, in any event, as

2

malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(d).

In determining whether a plaintiff has failed to state a claim upon which relief may be granted under section 1915A, we apply the same standard as we do to motions to dismiss under Rule 12(b)(6) of the Federal Civil Rules of Procedure. Hundley v. Ziegler, Civ. No. 07-848, 2007 WL 2345285 (W.D. Pa. 2007). Under this standard, a complaint should be dismissed if "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir.1998).

**Discussion**

We will dismiss the instant case because the defendants possess absolute immunity from suit for judicial acts taken on cases within their jurisdiction. The United States Supreme Court has explained that "judges of courts of superior or general jurisdiction are not liable to civil actions for

---

soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    **(b) Grounds for dismissal.-**On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355 (1978)(quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). This doctrine aims to keep judges independent from influence and protect them from intimidation by those who would use the threat of court action to influence the outcome of a proceeding. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (finding that "it is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feeling in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.").

A judge's "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

In the instant case, the plaintiff complains of Magistrate Judge Caiazza's report and recommendation and Judge Barry Fischer's order adopting the report and recommendation. (See Doc. 1-2, Complaint at ¶ V). These are both judicial acts. The judges moreover, were acting on a case within their jurisdiction as the case that they ruled on was a federal civil rights action. See Smith v. Hardiman, docketed in the United States District Court for the Western District of Pennsylvania at 07cv1440. In fact,

4

the plaintiff himself had filed the case in their court. Thus, the exceptions to immunity do not apply, and the defendants are protected by immunity in the instant case. The complaint will be dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY T. SMITH,<br>　　　　　Plaintiff | : | No. 2:08cv00040 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| UNITED STATES DISTRICT<br>JUDGE NORA BARRY FISCHER and<br>UNITED STATES<br>MAGISTRATE JUDGE<br>FRANCIS X. CAIAZZA,<br>　　　　　Defendants | : | |

## ORDER

　　**AND NOW**, to wit, this 30th day of January 2008, the plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED** for the purposes of filing the complaint only.  The plaintiff's complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted.  The Clerk of Court is directed to close this case.

　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　**United States District Court**